# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 99-3189

_____

Teresa L. Doumouras,      *

                   *

         Appellant,      *

                   *      Appeal from the United States

     v.                    *      District Court for the

                   *      District of Minnesota

Northwest Airlines, Inc.,      *

                   *

         Appellee.      *

_____

Submitted: May 10, 2000

Filed: June 20, 2000

_____

Before McMILLIAN, JOHN R. GIBSON and BEAM, Circuit Judges.

_____

McMILLIAN, Circuit Judge.

Teresa L. Doumouras appeals from a final order entered in the United States District Court[1] for the District of Minnesota granting summary judgment in favor of Northwest Airlines, Inc. (Northwest), on her claims of gender-based discrimination under Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e et seq., and the Minnesota Human Rights Act, Minn. Stat. § 363 et seq. Doumouras v. Northwest Airlines, Inc., No. 98-1096 (D. Minn. June 30, 1999) (memorandum opinion and order)

---

[1]The Honorable Ann D. Montgomery, United States District Judge for the District of Minnesota.

(hereinafter "slip op."). For reversal, Doumouras argues that the district court erred in holding that (1) she failed to establish a prima facie case of sex discrimination as a matter of law and (2) even if she had established her prima facie case, there is no genuine issue of fact regarding pretext and intentional discrimination. For the reasons stated below and pursuant to 8th Cir. R. 47B, we affirm.

Jurisdiction was proper in the district court under 28 U.S.C. §§ 1331, 1367. Jurisdiction is proper in this court under 28 U.S.C. § 1291. The notice of appeal was timely filed pursuant to Fed. R. App. P. 4(a).

The following is a brief summary of the undisputed facts as set forth in the district court's order. See slip op. at 2-4. Doumouras is a former Northwest flight attendant. On September 1, 1995, while employed as a flight attendant, she applied to the Internal Pilot Program, a program for hiring pilots from among Northwest's employees meeting certain criteria. The standards for admission into the Internal Pilot Program included, in addition to numerous flight time and certification requirements, current employment and twelve months of continuous employment with Northwest. Doumouras met all the flight time and certification requirements and was initially accepted into the Internal Pilot Program. However, after a determination had been made that she had falsified several sick leave requests and lied when asked about those requests, she was terminated as a flight attendant on November 15, 1995, pursuant to Northwest's Rule 22(c)(3) (misrepresenting or falsifying a claim of illness or injury), Rule 9 (honesty), and Rule 10 (cooperation).[2] As a consequence of her termination, Doumouras was ultimately denied admission to the Internal Pilot Program, for failure to meet the current employment requirement.

---

[2]An earlier determination had been made that she, as well as others, had violated Northwest's Rule 17(a), which forbids dual employment with Northwest and another air carrier. However, on October 2, 1995, Northwest granted her a Rule 17(a) waiver which allowed her to perform training flights with another airline so long as it did not interfere with her duties at Northwest. See slip op. at 3.

On November 20, 1995, Doumouras filed a grievance of her termination with the International Brotherhood of Teamsters Local 2000. The System Board of Adjustment ordered that she be reinstated with full seniority, but without back pay. Doumouras did not return to work with Northwest, nor did she reapply to the Internal Pilot Program or apply for a pilot position through Northwest's external hiring process.

Doumouras filed the present action in federal district court on April 6, 1998, alleging that Northwest discriminated against her on the basis of her gender by failing to promote her from flight attendant to the Internal Pilot Program. Northwest moved for summary judgment, and the district court granted the motion on grounds that Doumouras had not established a prima facie case and, even if she had, there was no genuine issue as to pretext or intentional discrimination.

On appeal, Doumouras acknowledges that she had to be employed with Northwest in order to be qualified for the internal pilot hiring program. She argues, however, that her termination – which led to her exclusion from the program – was actually motivated by gender-based discrimination, not her alleged dishonesty, false requests for sick leave, or lack of cooperation. In support of that argument, she maintains that she was treated more harshly than similarly-situated male employees in Northwest's investigation and scrutiny of employee sick leave requests and leaves of absence. As evidence that gender bias permeated the entire promotional process, she maintains that, after male applicants failed the initial phase of the Internal Pilot Program at a proportionately much higher rate then female applicants, Northwest changed the Phase I standard from an objective written test to a more male-friendly subjective evaluation of behavioral traits and work history. Doumouras also contends that she was in fact penalized for her dual employment, notwithstanding the waiver she was granted, while similarly-situated men were not penalized. In her reply brief, she sums up her argument as follows: "[b]ut for Northwest's wrongful termination of Ms. Doumouras, she would have remained continuously employed *as required*." Reply Brief for Appellant at 14 (emphasis added).

It is undisputed that Doumouras had to be employed by Northwest in order to qualify for the Internal Pilot Program. Plaintiff has not introduced any evidence, or advanced any argument, to suggest that this employment requirement was itself discriminatory. Rather, she asserts that gender-based discrimination motivated her termination, which, in turn, disqualified her from the Internal Pilot Program.

Doumouras arguably has established a genuine issue of fact as to whether gender was a motivating factor in her termination. However, her sex discrimination claims seek a remedy for Northwest's failure to admit or promote her to the Internal Pilot Program, not for her termination. It is undisputed that she was not a Northwest employee at the time she was excluded from the Internal Pilot Program. Furthermore, although the System Board of Adjustment awarded Doumouras reinstatement, she has not returned to work with Northwest and, to our knowledge, remains unqualified for the Internal Pilot Program.

In sum, we agree with the district court's conclusion that Doumouras has failed as a matter of law to establish a prima facie case on her Title VII and MHRA claims. The judgment of the district court is affirmed. See 8th Cir. R. 47B.

A true copy.

Attest:

CLERK, U.S. COURT OF APPEALS, EIGHTH CIRCUIT.

-4-